Per Curiam.

None of the objections made to this conon have much weight, except those relating to the place where *374 the offence was committed, and the insufficiency of the evidence on wHiCh the conviction was founded. It is essential that it should appear, that the court had jurisdiction of the offence; and it had no jurisdiction, unless it was committed within the county of Qstego ; and if committed within that county, it was within the jurisdiction of a court of special sessions. The act, (sess. 36. c. 104. s. 6. 2 R. L. 507.) extends its jurisdiction to petit larceny, misdemeanor, breach of the peace, or other criminal of-fence, under the degree of grand larceny. But the evidence did not" make out any criminal offence at all; it was a mere private fraud, which, according to the doctrine laid down by this court, in the case of The People v. Babcock, (7 Johns. Rep. 204.,) is not indictable. A fraud indictable at common law, must be such as would affect the public, and such as common prudence would not be sufficient to guard against; as the using of false weights and measures, or false tokens, or where there has been a conspiracy to cheat. (6 Term. Rep. 565.) The fraud, in this instance, is not one falling within the rule. The conviction must, therefore, be reversed.
Conviction reversed.